### SANDS & MAXWELL LUMBER CO. *v.* GAY.

LAND CONTRACT—FORECLOSURE—JURISDICTION OF CHANCERY.

A suit in chancery to foreclose a land contract, on which less than $100 remains unpaid, involves a controversy concerning property within the statute (1 Comp. Laws, § 435), providing that circuit courts in chancery shall dismiss every suit concerning property, with certain exceptions, where the matter in dispute shall not exceed $100.

Appeal from Oceana; Russell, J. Submitted October 5, 1904. (Docket No. 7.) Decided October 26, 1904.

Bill by the Sands & Maxwell Lumber Company against James D. Gay and others to foreclose a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*Hartwick & Skeels*, for complainant.

*Wallace Foote* and *M. H. Brooks*, for defendants.

MOORE, C. J.   This is a bill to foreclose a land contract made between the complainant and James D. Gay, upon which complainant claimed there was $31.80 unpaid.   It was the claim of defendants that nothing was unpaid on the contract.   After the testimony was all in the solicitors for defendants moved to dismiss the bill of complaint, because the amount unpaid on the contract was less than $100, and for that reason the court did not have jurisdiction.   The judge granted the motion, and the case was brought here by appeal.

The question involves a construction of section 435, 1 Comp. Laws, which reads:

" Such courts shall dismiss every suit concerning property, excepting suits between copartners, and suits for the enforcement of mechanics' liens, suits for the foreclosure of mechanics' liens, and suits for the foreclosure of mortgages, where the matter in dispute shall not exceed one hundred dollars, with costs to the defendant."

It is claimed by complainant that this is a suit for the foreclosure of a mortgage.   It is true, as contended by the solicitors for the complainant, that this court has recognized that a grantor in a land contract may foreclose his contract upon the chancery side of the court; but it does not follow that, when less than $100 is involved, he may do so.   The average man would not understand that, when one spoke of the foreclosure of a mortgage, the speaker meant the foreclosure of a land contract.   This is certainly a suit concerning property in which the amount involved is less than $100, and it became the duty of the court to dismiss it, unless it is within the exceptions mentioned in the statute.   We think the circuit judge was right in holding it was not within the exceptions.

The decree is affirmed.

The other Justices concurred.